**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Blades, a single woman; Kristi Everett, a single woman; Jennifer Langley, a single woman; Megan Lynch, a single woman; Michele Smith, a married woman,<br><br>    Plaintiffs,<br><br>vs.<br><br>Steven Gitt, and Stacy Gitt, husband and wife; Steven M. Gitt, M.D., P.C., an Arizona Professional Corporation doing business as North Valley Plastic Surgery; ADP TotalSource II, INC., an Arizona corporation; Does I-X; Corporation A-Z,<br><br>    Defendant. | No. CV-05-0799-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Seal this entire case (Doc. #77). Defendants represent that Plaintiffs will not oppose the Motion.

The Court does not find cause to seal this entire case. In other words, most cases involve allegations that a particular party would prefer not be made public; however, that cannot be the basis for sealing entire case files. *See Foltz v. State Farm*, 331 F.3d 1122, 1136 (9th Cir. 2003)("A litigant who might be embarrassed, incriminated, or exposed to litigation through dissemination of materials is not, without more, entitled to the court's protection...." (internal quotations and citations omitted)). Therefore, the motion will be denied.

1  Such denial is without prejudice to the parties filing a stipulation (if they can reach
2 one) that a particular filing (referenced by document number) be sealed if the parties case
3 show that the particular filing sought to be sealed contains allegations that warrant sealing
4 that particular document.  In filing any such stipulation, the parties shall apply the factors
5 required by the Court of Appeals.  *Id*. at 1135 ("In this circuit, we start with a strong
6 presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434
7 (9th Cir.1995) (recognizing strong presumption in context of civil trial); *accord United States
8 v. Edwards*, 672 F.2d 1289, 1294 (7th Cir.1982) (same in context of criminal trial); *United
9 States v. Criden*, 648 F.2d 814, 823 (3d Cir.1981) (same). The common law right of access,
10 however, is not absolute and can be overridden given sufficiently compelling reasons for
11 doing so. *San Jose Mercury News*, 187 F.3d at 1102. In making the determination, courts
12 should consider all relevant factors, including: the public interest in understanding the
13 judicial process and whether disclosure of the material could result in improper use of the
14 material for scandalous or libelous purposes or infringement upon trade secrets.... After
15 taking all relevant factors into consideration, the district court must base its decision on a
16 compelling reason and articulate the factual basis for its ruling, without relying on hypothesis
17 or conjecture.").

18  Based on the foregoing,

19  **IT IS ORDERED** that the Motion to Seal (Doc. #77) is denied.

20  DATED this 28th day of December, 2005.

_____
James A. Teilborg
United States District Judge